IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEYSTONE AUTOMOTIVE OPERATIONS, INC.<br>44 Tunkhannock Avenue<br>Exeter, PA 18643<br><br>Plaintiff,<br><br>v.<br><br>1 800 ONLINE AUTO PARTS, LLC<br>9 Princess Road, Suite D<br>Lawrenceville, NJ 08648<br><br>and<br><br>TODD DAUGHERTY<br>6 Lamb Lane<br>Manalapan, NJ 07726<br><br>Defendants. | CIVIL ACTION NO. 15-2320 |

## COMPLAINT

Plaintiff Keystone Automotive Operations, Inc. ("Keystone"), by and through its undersigned counsel, brings this Complaint against Defendants 1 800 Online Auto Parts LLC ("1 800 Online") and Todd Daugherty (collectively, "Defendants") and in support thereof avers as follows:

### THE PARTIES

1. Plaintiff Keystone Automotive Operations, Inc. is a corporation formed under the laws of the Commonwealth of Pennsylvania, and with a

principal place of business located at 44 Tunkhannock Avenue, Exeter, PA 18643.

2. Upon information and belief, Defendant 1 800 Online Auto Parts, LLC is a limited liability corporation formed under the laws of the State of New Jersey, and with a principal place of business located at 9 Princess Road, Suite D, Lawrenceville, NJ 08648.

3. Upon information and belief, Defendant Todd Daugherty is a citizen of the State of New Jersey residing at 6 Lamb Lane, Manalapan, NJ 07726

.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1332 as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over the Defendants as its activity within the forum gives rise to the causes of action asserted herein including its entry into, and subsequent breach of, a contract with a Pennsylvania corporation.

6. Venue is proper in this District pursuant to Title 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS
### The Credit Application

7. Originally a single auto parts store, Keystone has grown to become the preeminent distributor of specialty automotive equipment and accessories in North America.

8. With an inventory of over 165,000 unique products from over 800 suppliers, Keystone is an essential resource for automotive technicians and enthusiasts in securing timely parts for automotive repairs.

9. In order to facilitate timely delivery of its products, Keystone regularly extends credit to its customers in the form of an Application for Credit and Credit Agreement ("Credit Agreement").

10. On August 7, 2014, Keystone entered into such a Credit Agreement with Defendant 1 800 Online. A true and correct copy of Keystone's Credit Agreement with 1 800 Online is attached hereto as Exhibit A.[1]

11. In relevant part, the Credit Agreement provides that 1 800 Online "agrees to pay all invoices from Keystone Automotive Operations, Inc., its successors and assigns, according to the respective terms of sale of each invoice." See Exhibit A at ¶2.

---

[1] Pursuant to Local Rule 5.1.2(12)(b), Keystone redacted the social security numbers, dates of birth, and financial account numbers that appear in the Credit Agreement.

12. 1 800 Online further agreed that "[i]n the event that any debt is not paid in accordance with the terms of any invoice between Keystone Automotive Operations, Inc. and the undersigned ('Default'), the entire balance owned by the undersigned to Keystone Automotive Operations, Inc. shall become immediately due and payable at the option of Keystone Automotive Operations, Inc., notwithstanding any other terms of payment." *Id.*

13. In the event of default, the Credit Agreement further provides that 1 800 Online "shall pay to Keystone Automotive Operations, Inc., interest on the entire outstanding balance due and owing to Keystone Automotive Operations, Inc., by the undersigned at the rate of one and one half (1 ½%) percent per month (18% per annum) or at the highest interest rate allowable by law . . . ." *Id.*

14. In addition, the Credit Agreement provides that 1 800 Online agrees "to pay any and all costs and expenses of collection incurred by Keystone Automotive Operations, Inc. with respect to any and all amounts due and owing to Keystone Automotive Operations, Inc. by the undersigned, including, without limitation, reasonable attorney's fees." *Id.*

15. Finally, the Credit Agreement provides that any dispute arising between Keystone and Defendants shall be governed by the laws of this Commonwealth and that Defendants expressly waive any defense to the exercise of personal jurisdiction by this Court.

**Defendant Daugherty Personally Guarantees the Credit Agreement**

16. In connection with the aforementioned Credit Agreement, Defendant Daugherty was required to, and did, personally guarantee any amounts owed pursuant to the Credit Agreement.

17. Specifically, Defendant Daugherty, as Vice President of Defendant 1 800 Online agreed that he "personally unconditionally guarantee to you, Keystone Automotive Operations, Inc., its successors and assigns . . . payment of any obligation of the Company and I hereby agree to jointly and severally bind myself to pay you on demand any sum which may become due to you by the Company." *Id.* at p. 2.

**Defendants Breach the Credit Agreement**

18. Though Defendants unconditionally agreed to pay any invoices according to their respective terms, Defendants have failed to remit payment for hundreds of purchases over the course of the last six months and, in so doing, breached the Credit Agreement.

19. In total, Defendants owe Keystone three hundred and fifty-three thousand, two hundred and fourteen dollars and sixty-seven cents ($353,214.67) in connection with past-due invoices, exclusive of interest, costs, and attorney's fees, which are also due under the Credit Agreement.

20. While Defendants originally paid Keystone's invoices in accordance with the terms of the Credit Agreement, in or about May of 2015,

however, Defendants no longer paid Keystone's invoices as required under the Credit Agreement.

21. From May through September 2015, Keystone temporarily delayed collection efforts while it attempted to allow Defendants to remedy their breaches of the Credit Agreement through various payment plans.

22. Defendants consistently failed to comply with the terms of these payment plans and in or about the last week of September 2015, ceased making payments to Keystone altogether despite the significant amount due under the Credit Agreement.

23. Because of Defendants' failure to remit payments due under the Credit Agreement, notwithstanding Keystone providing multiple opportunities for Defendants to cure the aforementioned breaches, Keystone has no choice but to initiate this Action.

## COUNT I – BREACH OF CONTRACT

24. Keystone incorporates by reference the preceding allegations in the Complaint as if set forth fully herein.

25. The Credit Agreement is a valid and binding contract.

26. Pursuant to the terms of the Credit Agreement, Defendant 1 800 Online agreed, among other things, to pay all invoices from Keystone according to their respective terms of sale.

27. Defendant 1 800 Online breached its obligation under the Credit Agreement to pay all invoices according to their terms.

28. Defendant Daugherty breached his obligation under the Credit Agreement to render payment pursuant to his personal guarantee of any amounts owed to Keystone by Defendant 1 800 Online.

29. Defendants have further breached their obligations under the Credit Agreement by failing to immediately remit the entire balance owed to Keystone once Defendants defaulted their obligations under the Credit Agreement.

30. Keystone has fully complied with its obligations under the Credit Agreement.

31. As a result of Defendants' breach of the Credit Agreement, Plaintiff has suffered damages in amount to be proved at Trial but in no event less than $353,214.67.

## **PRAYER FOR RELIEF**

WHEREFORE, Keystone requests that this Court enter judgment in its favor and against Defendants, joint and severally, as follows:

    a.    Compensatory damages of $353,214.67 or such other amount to be proven at trial;

        b.    Pre-Judgment interest from the date of the first default at a rate of one and one half percent per month or at the highest interest rate allowable by law;

        c.    Post-Judgment interest at a rate of one and a half percent per month or at the highest interest rate allowable by law;

        d.    Keystone's expenses of collection, including, but not limited to, its attorney's fees and costs; and

        e.    Such other relief the Court may deem just and appropriate.

Respectfully submitted,

/s/ Brian P. Downey
Brian P. Downey
Pepper Hamilton LLP
100 Market Street, Suite 200
P.O. Box 1181
Harrisburg, PA 17108
Tel: (717) 255-1155
Email: downeyb@pepperlaw.com

Paul J. Kennedy
Noah S. Robbins (*pro hac pending*)
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Tel: (215) 981-4000
Email: kennedyp@pepperlaw.com
        robbinsn@pepperlaw.com
*Attorneys for Plaintiff,*
*Keystone Automotive Operations, Inc.*

Dated: December 2, 2015